UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DURYEA ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02294-TWP-MJD |
| | ) |
| PSI OFFICER (name unknown), | ) |
| WILLIAM L. MCCOSKEY AUSA, | ) |
| U.S. ATT'S OFFICE Indianapolis Division, | ) |
| CIRCUIT COURT PUBLISHER (name unknown), et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Directing Payment of Filing Fee,
Screening and Dismissing Complaint,
And Directing Plaintiff to Show Cause**

**I. Filing Fee**

Plaintiff Duryea Rogers ("Rogers") shall have through August 15, 2017, to pay the $400 filing fee to the clerk of the district court or demonstrate his financial inability to do so.

**II. The Complaint**

A. Plaintiff's Contentions

Rogers was one of three men who attempted to rob an Indiana bank in June 2013. The three were arrested shortly afterward. Rogers and a co-defendant plead guilty, with the third, Armour, taking his case to jury trial. The other co-defendant – not Rogers – testified against Armour. Unfortunately, when the Seventh Circuit Court of Appeals ("Circuit Court") decided Armour's appeal, the published opinion erroneously reported that *both* of Armour's co-defendants had testified against him. *See United States v. Armour*, 840 F.3d 904, 906 (7th Cir. 2016). When Rogers became aware of the Circuit Court's error, he was horrified at being "depicted and castigated" as

a "rat, snitch, informant or stole [sic] pigeon" on his prison yard. Until then he had been a "respectable inmate on the compound" at his prison, but now he suffered "great pain . . . humiliation, threats to his life, embarrassment, a soiled reputation, [and] mental and emotional distress." Dkt. 1 at 3. Rogers reports that his "life in prison was turned upside down and inside out." *Id.*

To remedy the error, Rogers filed a motion in Armour's criminal appeal case with the Circuit Court asking it to correct the clerical error. The United States filed a response in which it acknowledged the error and expressed no opposition to it being corrected. The Seventh Circuit filed an order amending its opinion to reflect that it was the other co-defendant who testified against Armour, not both of them.

Proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), Rogers brings a defamation action against four defendants: (1) an unkown PSI Officer; (2) a Circuit Court Publisher; (3) the United States Attorney's Office; and (4) William L. McCoskey ("McCoskey"), an Assistant United States Attorney ("AUSA") involved with the prosecution of the bank robbery case. He contends the defamation violated his rights under the Fifth and Eighth Amendments.

Rogers makes specific allegations against only one defendant, AUSA McCoskey. He contends that AUSA McCoskey must have known about the Seventh Circuit opinion's error and failed to have it immediately corrected. When the Circuit Court called for a response to Rogers's motion to correct the opinion, AUSA McCoskey responded that the United States did not notice the error until reading about it in Rogers's motion. Rogers believes that assertion to be "deceptive" and somehow evident of an "insouciant attitude" to Rogers's safety and well-being. Therefore, he

contends, a jury could find that AUSA McCoskey and/or the other defendants "set in motion the chain of events that led to the inflammatory and inaccurate error in" the Appellate opinion.

B. Screening Standard

Rogers is incarcerated at the Federal Correctional Institution in Pekin, Illinois. Because he is a prisoner as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Rogers are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

C. Analysis

There are numerous reasons why Rogers's complaint fails to state a claim upon which relief may be granted. The threshold reason is that freedom from defamation is not a federal constitutional right that would give rise to a *Bivens* action. *Paul v. Davis*, 424 U.S. 693, 701 (1976). A secondary reason is that any possible involvement by AUSA McCoskey concerns his role as a prosecutor in the courts, and he has absolute immunity from suits challenging conduct intimately associated with the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Concerning the remaining defendant's, the Complaint fails to make specific allegations against any of them. To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally involved in the acts about which plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). However, even if specific allegations had been made against the unknown PSI Officer, the Circuit Court Publisher, and/or the United States Attorney's Office, these entities or persons had no actionable conduct even remotely connected with the Circuit Court's scrivener's error in the *Armour* opinion.

### III. Conclusion

Rogers' distress over the Circuit Court's error is understandable. However, for the reasons stated above, his Complaint must be **dismissed** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

### IV. Opportunity to Show Cause

Because the Court has dismissed the Complaint after screening it and finding no viable claims, Rogers will be allowed through August 15, 2017, to show cause why this action should not be dismissed and judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013). Failure to show cause by that deadline will result in this action's dismissal without further notice.

**IT IS SO ORDERED**.

Date: 7/12/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Duryea Rogers
11604-028
Pekin Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Pekin, IL 61555